**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kelley, ) | No. CV-06-3056-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael Astrue, Commissioner, Social ) Security Administration, ) | |
| Defendant. ) | |

In this action pursuant to 42 U.S.C. § 405(g) we review an administrative decision upholding the termination of plaintiff's disability benefits in 1997. An administrative law judge upheld the termination. That decision was later reversed by the United States District Court. On remand, a different administrative law judge again upheld the termination of benefits, and the matter is now before us for judicial review again.

The court has before it plaintiff's motion for summary judgment (doc. 11), statement of facts and memorandum in support of his motion (docs. 12, 16), defendant's response (doc. 17), defendant's cross-motion for summary judgment (doc. 18), statement of facts and memorandum in support of defendant's cross-motion and in opposition to plaintiff's motion (docs. 19, 20), and plaintiff's response to defendant's cross-motion (doc. 22).

**I.**

This is the latest stage in plaintiff William Kelley's ten-year odyssey challenging the termination of his disability benefits. Kelley has a history of lower back pain as well as psychological problems. In 1992 he was granted disability benefits, primarily due to his paranoid schizophrenia.

Through a continuing disability review, the Social Security Administration determined in May 1997 that Kelley's disability had ceased, meaning that he was able to return to substantial gainful employment. See 20 C.F.R. § 416.994. His benefits stopped on July 31, 1997. Kelley requested and received a review hearing before an administrative law judge ("ALJ") to contest the decision.

In July 1999, the ALJ issued a decision upholding the termination of benefits. He found that therapy and medication had improved Kelley's psychological disorder such that it no longer rendered him disabled. He also found that Kelley's back pain was not disabling. The ALJ based this latter finding on the report of Dr. Sampat, who examined Kelley at the request of the state agency, and on Kelley's own testimony at the hearing. In his ruling, the ALJ did not address an assessment that was made by Kelley's chiropractor and was supported by his treating physician, Dr. Flores. In that assessment, Kelley's back pain made him unfit to work. The Appeals Council declined review.

Kelley then filed an action for review in the United States District Court for the District of Arizona. In 2001, the district court held that the ALJ had erred in failing to consider the back-pain assessment supported by treating physician Dr. Flores. The district court reversed and remanded the matter.

In December 2003, after a new hearing, a new ALJ also upheld the termination of benefits. The ALJ specifically explained why he found Dr. Flores' opinion to be of little weight compared to the opinion of Dr. Sampat. In late 2006, the Appeals Council again denied review, and Kelley filed the present action.

**II.**

We must affirm the ALJ's denial of benefits so long as it is supported by substantial evidence and is based on proper legal standards. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999).

Kelley makes two arguments in his motion for summary judgment: first, that the ALJ incorrectly rejected the opinion of the treating physician, Dr. Flores; and second, that the ALJ did not evaluate the evidence of Kelley's psychological problems. Both arguments are without merit.

The first argument is the same one Kelley raised after the original administrative ruling. In that ruling, the ALJ did not discuss the assessment made by Kelley's chiropractor and endorsed by his treating physician. The district court held that the ALJ did not err in disregarding the chiropractor's opinion, because a chiropractor is not an acceptable medical source. Kelley v. Apfel, No. CIV-00-1230 (D. Ariz. Aug. 2, 2001) (citing 20 C.F.R. § 404.1513(a)). However, the chiropractor's assessment was endorsed by Kelley's treating physician, Dr. Flores, whose opinion the ALJ was bound to consider. The United States Court of Appeals for the Ninth Circuit requires an ALJ to state "specific, legitimate reasons" for rejecting the opinion of a treating physician. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). Therefore, the district court reversed.

Subsequently, in the second administrative ruling, the ALJ clearly articulated his reasons for rejecting the opinion of Dr. Flores. According to the ALJ, Dr. Flores' concurrence with the chiropractor's assessment was "unjustified and inconsistent with [Flores'] own treatment notes." The ALJ stated that the evidence showed "intermittent, sporadic" treatment from Dr. Flores that did not appear to relate to the plaintiff's back pain. The ALJ further stated that the records from Dr. Flores' treatments lacked "any objective signs or laboratory findings . . . that would support such extreme limitations as those opined by [the chiropractor] and concurred with by Dr. Flores." We conclude that the ALJ's explanation meets the Murray standard.

1    We are also satisfied that the ALJ's decision regarding Kelley's back pain was
2 supported by substantial evidence. The ALJ chose to credit the opinion of Dr. Sampat.
3 Though not a treating physician, Dr. Sampat had the opportunity to thoroughly examine
4 Kelley and found no signs of significant limitations due to back pain.

5    Kelley also contends that the ALJ erred in failing to assess his psychological
6 condition as a potential basis for disability. However, the ALJ's ruling expressly
7 incorporates "each and every finding" made by the first ALJ. Record at 430. In the earlier
8 ruling, the ALJ fully explained his conclusions on the plaintiff's psychological condition,
9 including his rationale in evaluating the various medical opinions. When requesting Appeals
10 Council review of that decision, Kelley did not object to the finding of no psychological
11 disability. Kelley's counsel admitted that "the Judge's argument with respect to the
12 psychological issues is quite persuasive." Record at 578. The district court's subsequent
13 reversal of that decision rested entirely on the ALJ's failure to address the opinion of
14 Dr. Flores regarding plaintiff's back pain.

15    Even if the new ALJ was responsible for conducting a de novo consideration of all
16 of Kelley's claims, we see no problem with his incorporating by reference the earlier
17 decision. The ALJ not only incorporated the earlier findings into his ruling, but also noted
18 his own consideration of "the new medical evidence submitted since the time of the prior
19 adjudication," including mental health treatment notes. Record at 429. The ALJ concluded
20 that the new evidence "would not have affected any of the analyses or conclusions made by
21 [the first ALJ]." Record at 430.

22    Finally, we note that, beyond the Murray case, Kelley has failed to cite any legal
23 authority to support his contentions. We are not persuaded that he received anything less
24 than legally sufficient evaluation of the evidence put forth on his psychological and physical
25 condition. Accordingly, we will not upset the Commissioner's determination.

26
27
28                                              **III.**

- 4 -

1  For the foregoing reasons, IT IS HEREBY ORDERED DENYING plaintiff's motion
2  for summary judgment (doc. 11) and GRANTING defendant's cross-motion for summary
3  judgment (doc. 18).

4  DATED this 26th day of September, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge